# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1112V
Filed: October 14, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

P.H., by and through his parent and, natural guardian, ASHLEY PUROLL,

       Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

       Respondent.

Ruling on Entitlement; Concession; Rotavirus Vaccine; Intussusception; Special Processing Unit ("SPU")

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Jennifer Reynaud*, U.S. Department of Justice, Washington, DC for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On November 14, 2014, Ashley Puroll filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program") on behalf of her son, P.H. Petitioner alleges that P.H. suffered intussusception requiring surgical intervention which was caused by the rotavirus vaccine he received on August 12, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 10, 2015, respondent filed a joint Rule 4(c) report and Proffer in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report and Proffer at 1 (ECF No. 18). Specifically, respondent agrees that "PH's intussusception was caused in fact by the rotavirus vaccine that he received on

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (20012).

August 12, 2014[,] [t]he temporal association between the administration of PH's rotavirus vaccine and the onset of his intussusception is medically appropriate, and there is no other identifiable alternate cause for PH's onset of intussusception." *Id.* at 3. Respondent further agrees that all jurisdictional and statutory issues have been satisfied to include the requirements of § 11(c)(1)(D)(i) which are satisfied by P.H.'s inpatient hospitalization and surgical intervention. *Id.* Respondent proposed an award of $36,000.00 for actual and projected pain and suffering and $23,070.45 to satisfy the State of Michigan Medicaid lien for a total amount of $59,070.45. *Id.* at 4-5. Petitioner agreed to these amounts. *Id.*

A decision awarding damages was issued on June 11, 2015. Before judgment entered, petitioner filed a motion for reconsideration due to unexpected complications suffered by P.H. after the decision date. *See* Motion for Reconsideration, filed July 9, 2016 (ECF 21) (for a description of these complications). Petitioner's motion was granted and the decision was withdrawn. Order, issued July 13, 2015 (ECF No. 25).

Since that time, P.H. has continued to receive medical treatment, and the parties have attempted to reach an agreement regarding the amount of damages in this case. A telephonic status conference was held on October 12, 2016. Paul Brazil appeared on behalf of petitioner, and Jennifer Reynaud appeared on behalf of respondent. Stacy Sims appeared on my behalf as the OSM staff attorney managing this case.

During the call, the parties discussed different options for this case going forward. They both agreed that the undersigned should determine the issue of entitlement so the case could officially move into the damages phase. Respondent's counsel indicated respondent still conceded the issue of entitlement and had no objection to the undersigned finding petitioner entitled to compensation based upon her concession set forth in the June 10, 2015 Rule 4 report.

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master